UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDERICK PIÑA,

                Plaintiff,

       -against-

DALE E. HO,

                Defendant.

25-CV-4797 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action alleging that United States District Court Judge Dale E. Ho violated his rights by making decisions adverse to Plaintiff in a separate civil action over which Judge Ho is presiding. By Order dated July 9, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 6.) The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

      Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678-69. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 678.

## BACKGROUND

Plaintiff asserts claims that Judge Ho violated his constitutional and statutory rights when Judge Ho made decisions adverse to Plaintiff in a separate civil case brought by Plaintiff, *Piña v. United States*, No. 20-CV-1371 (S.D.N.Y.) (Ho, J.) ("*Piña I*").

On February 14, 2020, Plaintiff, proceeding *pro se* and IFP, filed the complaint in *Piña I*, asserting claims under the Federal Tort Claims Act ("FTCA") after a United States Postal Service ("USPS") driver damaged his car in an accident. The case was initially assigned to District Judge Paul Engelmayer and referred to Magistrate Judge Barbara Moses for general pretrial management. By Order dated May 12, 2021, Judge Engelmayer adopted Judge Moses's

report and recommendation, granted the United States' partial motion to dismiss, and limited Plaintiff's claims for damages to $450,000. *Piña I* (ECF No. 31.)

As the litigation continued, Plaintiff repeatedly violated court orders. After multiple warnings that such violations may result in sanctions, Magistrate Judge Moses directed, by Order dated April 25, 2022, that Plaintiff pay $100 in sanctions by May 6, 2022, pursuant to Fed. R. Civ. P. 16(f). *Id.* (ECF No. 74.) The Court of Appeals for the Second Circuit dismissed Plaintiff's appeal of that Order. No. 22-784 (L), 22-1016 (Con) (2d Cir. July 20, 2022).

In response to Plaintiff's continued pattern of repetitive and meritless filings, by Order dated December 27, 2022, Judge Engelmayer adopted Magistrate Judge Moses's recommendation that the court bar Plaintiff from filing further motions to reinstate the previously dismissed aspects of his claims without first obtaining permission to file from the court. *Piña I* (ECF No. 109.)

By Order dated February 2, 2023, Magistrate Judge Moses noted that Plaintiff

has been repeatedly reminded that . . . *pro se* plaintiffs, like other litigants are expected to "deal courteously with their adversaries, and respect the authority of the Court," including by obeying its orders. He has also been warned, by two different judges, that he could face significant sanctions, including but not limited to the dismissal of this action, should be persist in using "abusive and insulting language, whether directed at opposing counsel, the Court, or any other participant in the litigation."

*Id.* (ECF No. 117 at 1.) (internal citations omitted) Magistrate Judge Moses summarized Plaintiff's repeated abuse of the judicial process and directed Plaintiff to show cause why the case should not be dismissed with prejudice or other sanctions imposed. (*Id.* at 1-3.) The court also directed Plaintiff to pay the previously assessed $100 sanction, which he had not yet paid, by February 16, 2023. (*Id.* at 4.)

When Plaintiff again failed to pay the sanction, Magistrate Judge Moses granted him an extension of time to pay until March 13, 2023. *Piña I* (ECF No. 122.) By Order dated March

3

15, 2023, Magistrate Judge Moses directed that the action be stayed until Plaintiff had complied with the numerous orders directing him to pay the $100 sanction. *Id.* (ECF No. 125.)  On March 17, 2023, Plaintiff filed a submission stating that he refused to pay the sanction. *Id.* (ECF No. 126.)

On October 13, 2023, the case was reassigned from Judge Engelmayer to Judge Ho.  In March 2025, while the stay remained in effect, Plaintiff filed several motions, including a motion to reopen the stayed case and a motion for summary judgment. *Id.* (ECF Nos. 127, 128, 131, 132, 133, 135.  On March 28, 2025, the Government filed a letter opposing Plaintiff's requests. *Id.* (ECF No. 130.)

By Order dated April 4, 2025, Judge Ho summarized the case history, including the filing injunction imposed by Judge Engelmayer and the $100 sanction imposed by Magistrate Judge Moses, which Plaintiff still had not paid. *Id.* (ECF No. 143 at 1-2.)  Judge Ho denied Plaintiff's new motions, finding that Plaintiff had not paid the $100 sanction as required to lift the stay, and had not complied with the filing injunction's requirement to submit a one-page letter showing cause why his submissions should be considered.  (*Id.* at 2-3.)  Judge Ho ordered that the case remain stayed until Plaintiff paid the $100 sanction, and warned Plaintiff that, if he did not pay by April 17, 2025, the court would consider additional sanctions, including dismissal of the case for failure to prosecute under Fed. R. Civ. P. 41(b).  (*Id.* at 3.)

Notwithstanding Judge Ho's order, Plaintiff filed 20 additional documents over the next two months, including multiple motions for summary judgment, a "rebuttal" to Judge Ho's order, and a motion seeking "discovery sanctions" against the Government. *See Piña I* (ECF Nos. 144-156, 158-164.)  On May 29, 2025, the Government filed a letter noting that Plaintiff's submissions violated the court's previous orders, and requesting "that the court clarify that the

4

Government is not required to respond to Plaintiff's filings for the duration of the stay." *Id.* (ECF No. 165 at 1.)

On May 30, 2025, Judge Ho memo-endorsed the Government's letter. *Id.* (ECF No. 166.) In his memo endorsement, Judge Ho again summarized the case history, noted that Plaintiff had not complied with the filing injunction, and explained that the stay had not been lifted because Plaintiff had not paid the $100 sanction. (*Id.* at 2.) Judge Ho directed Plaintiff to pay the sanction by June 13, 2025, and directed him to show cause, by June 13, 2025, why the action should not be dismissed with prejudice, or another sanction imposed. (*Id.*) Judge Ho stated that, to avoid dismissal, Plaintiff must demonstrate that he paid the $100 sanction, and that he "is capable of respecting the Court's authority, obeying its orders, and refraining from personal insults, name-calling, and other abusive language aimed at either the Court or any other participant in the litigation." (*Id.*) The memo endorsement warned that if Plaintiff failed to comply, the case would be dismissed with prejudice and closed. (*Id.*)

Plaintiff continued to file non-responsive submissions, including threatening submissions sent directly to Judge Ho's chambers, in violation of Judge Ho's Individual Practices and this court's procedures. On June 2, 2025, and June 3, 2025, Judge Ho memo-endorsed those submissions, reminding Plaintiff of proper filing procedures and the deadlines to respond to the May 30, 2025 Order. *Piña I* (ECF Nos. 170, 172.)

On June 6, 2025, Plaintiff filed the complaint in this action. (ECF No. 1.) In his complaint, Plaintiff alleges that Judge Ho's actions in *Piña I* violate his constitutional and statutory rights. Plaintiff describes some of the history of *Piña I*, and asserts that the decisions by Judges Engelmayer, Moses, and Ho are "fraudulent." For example, Plaintiff alleges that the Government's initial partial motion to dismiss in *Piña I* relied on a "fraudulent declaration" by a

5

USPS Tort Claims Examiner, and was granted through a "fraudulent Report & Recommendation by Magistrate Judge Moses." (*Id.* at 16-17.)  Plaintiff also alleges that Magistrate Judge Moses imposed a "baseless and fraudulent $100 sanction" on Plaintiff, and subsequently "issued a fraudulent stay . . . pending payment of the extortion disguised as a sanction."  (*Id.* at 17.)

Plaintiff alleges that the Government's May 29, 2025 letter in response to Plaintiff's recent filings "improperly solicited [Judge Ho] to knowingly and willfully, improperly excuse the United States from lawfully responding, perpetuating the Government's fraud and obstruction." (*Id.*)  Plaintiff further alleges that Judge Ho, by issuing his May 30, 2025 memo endorsement directing Plaintiff to pay the three-year-old sanction and to show cause why the case should not be dismissed, was "collusively acquiescing to the United States' fraudulent request[,]" "facilitating a corrupt conspiracy to obstruct justice[,]" and ignoring Plaintiff's "clear and convincing evidence" that the Government was liable under the FTCA.  (*Id.* at 17-18.)

Plaintiff asserts a variety of claims under federal and state law, including claims that Judge Ho violated his due process rights under the Fifth Amendment "by imposing a fraudulent $100 sanction, a fraudulent stay, a fraudulent filing injunction, and a fraudulent and collusive order without notice, hearing, or legal basis, denying Plaintiff a fair opportunity to litigate" (*id.* at 19 (citations omitted), and claims of "Civil RICO Conspiracy" based on the theory that Judge Ho "conspired with the United States (through Jay Clayton) to conduct an enterprise (the court or collusive scheme) through a pattern of racketeering activity," including "Conspiracy to Defraud" and "Hobbs Act Extortion," among other alleged federal crimes, (*id.* at 25-26).  To support his claims of "collusion," Plaintiff argues that "Clayton's letter-motion and [Judge Ho's memo endorsement] show agreement to suppress motions" and points to a "[p]attern of sanctions, stays, and collusive orders."  (*Id.* at 27.)

Plaintiff seeks declaratory relief, an injunction "[e]njoining [Judge Ho] from presiding over Case No. 2:20-cv-01371[,]" the vacating of "ECF Nos. 74, 109, 125, 166" in that case, and the transfer of the case to "an impartial judge." (*Id.* at 63.) Plaintiff also seeks $146,410,406.16 in compensatory damages and $438 million in "RICO Treble Damages[.]" (*Id.*)

## DISCUSSION

### A.   Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

"[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven*, 579 F.3d at 209 (citations omitted). The doctrine applies "even when such acts are in excess of [a judge's] jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356 (citation omitted)). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . . independence[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted). Judicial immunity therefore applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (citation omitted).

Plaintiff fails to allege any facts to suggest that Judge Ho acted beyond the scope of his judicial responsibilities or outside of his jurisdiction. *See Mireles*, 509 U.S. at 11-12. Plaintiff's

7

assertions that Judge Ho's actions in *Piña I* were "nonjudicial" and "taken in the complete absence of all jurisdiction" are based on Plaintiff's unsupported opinions that the judge's decisions were "fraudulent" and that his memo endorsement of the Government's letter amounted to "collusion." (ECF No. 1 at 3-4.). These assertions fail to demonstrate that judicial immunity should not apply, but rather support the doctrine's application in this action.

Plaintiff seeks to hold Judge Ho liable for his decisions in *Piña I* directing Plaintiff to pay a sanction previously entered against him by Magistrate Judge Moses and directing Plaintiff to show cause why the action should not be dismissed for Plaintiff's failure to comply with a filing injunction previously entered against him by Judge Engelmayer. Because Plaintiff sues Judge Ho for "acts arising out of, or related to, individual cases before him," Judge Ho is immune from suit for such claims. *Bliven*, 579 F.3d at 210.

In addition to being immune from actions for damages, federal judges are also immune from any civil action seeking injunctive or declaratory relief. Although judicial immunity does not absolutely bar a claim for prospective injunctive and declaratory relief, *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order), a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff is not entitled to injunctive relief against Judge Ho because Plaintiff has not alleged either the violation of a declaratory decree, or the unavailability of declaratory relief. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam). Declaratory relief against a judge for actions taken within his judicial capacity is ordinarily available by appealing the

8

judge's order. *Davis v. Campbell*, No. 13-CV-693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014); *see United States ex rel. Van Stuyvesant v. Swain*, No. 24-CV-3598, 2024 WL 3105588, at *2 (S.D.N.Y. June 20, 2024) (Engelmayer, J.) (dismissing plaintiff's claims for injunctive relief against several judges, in part because plaintiff did not seek to remedy a prospective harm).

The Court therefore dismisses Plaintiff's claims against Judge Ho based on absolute judicial immunity and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, Plaintiff's claims for damages seek monetary relief against a defendant who is immune from such relief, and are consequently frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**B.    Leave to Amend is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), under the doctrine of judicial immunity, as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: July 17, 2025
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge